DONNA RAE MATTHEWS,

          Petitioner,

v.                                          Case No. 26-cv-0604-bhl

WARDEN MICHAEL GIERACH,

          Respondent.

---

## SCREENING ORDER

---

On April 9, 2026, Petitioner Donna Rae Matthews, a state prisoner currently incarcerated at Taycheedah Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254.  (ECF No. 1.)  Matthews has paid the filing fee, and her petition is now ready for screening.

### SCREENING THE PETITION

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Matthews's petition.  Under the rule:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

As part of the screening process, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm whether those claims are timely and have been exhausted in state court.

### PETITIONER'S ALLEGATIONS

On August 31, 2018, Matthews was sentenced to lifetime imprisonment without the chance of parole after a jury found her guilty of first-degree homicide.  (ECF No. 1 at 2.)  She appealed her conviction on July 21, 2020, raising four issues:  (1) whether the court violated her rights under the confrontation clause when it limited the cross-examination of her brother; (2) whether its jury instruction on reasonable doubt was constitutional; (3) whether her trial counsel was ineffective for stipulating to limit her expert's testimony at trial; and (4) whether the appeals court should

reverse under Wis. Stat. §752.35, which permits the state appellate court to reverse "if it appears from the record that the real controversy has not been fully tried." (*Id.* at 3); *see also State v. Matthews (Matthews I)*, No. 2021AP607-CR, 2022 WL 5067258, at *1 (Wis. Ct. App. Oct. 5, 2022). The court of appeals affirmed the trial court's judgment and order on October 5, 2022. *Matthews I*, 2022 WL 5067258. On January 18, 2023, the Wisconsin Supreme Court denied her petition for review. *See* Kenosha Cnty. Case No. 2016CF000867, https://wcca.wicourts.gov (last visited May 21, 2026). Matthews did not seek review in the United States Supreme Court.

On July 20, 2023, Matthews filed a petition for writ of habeas corpus in this Court. (ECF No. 1 at 10); *Matthews v. McDermott (Matthews II)*, No. 23-cv-971-WCG, ECF No. 1 (July 20, 2023). The Court screened her petition and noted that it included several unexhausted claims, making it an improper "mixed" petition. *Matthews II*, No. 23-cv-971-WCG, ECF No. 3 (July 24, 2023) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). The Court explained that a federal court cannot adjudicate a habeas petition with both exhausted and unexhausted claims and gave Matthews two options for proceeding. *Id.* First, she could abandon her unexhausted claims and continue her habeas case solely on those claims that she had properly exhausted. *Id.* at 2. Second, in the alternative, she could allow the Court to dismiss her petition in its entirety, return to state court to exhaust her unexhausted claims, and then refile her habeas petition. *Id.* at 2–3. The Court specifically declined to stay the case, noting that Matthews's conviction became final on April 18, 2023, and she had time to exhaust her claims and then return to federal court. *Id.* at 3. Citing 28 U.S.C. §2244(d)(2), the Court explained that the federal habeas statute gave her one year from April 18, 2023 to file her habeas petition and that the limitations period would be tolled as soon as she filed her renewed post-conviction motion in state court. *Id.* In response to the Court's order, Matthews indicated that she wanted to exhaust all her claims. *Id.*, ECF No. 5. Accordingly, on August 3, 2023, the Court dismissed her petition without prejudice. *Id.*, ECF No. 6.

After the dismissal, Matthews delayed in pursuing her exhaustion efforts. Rather than promptly starting renewed state court proceedings, she waited several months. On December 27, 2023, she returned to this Court without having renewed her state court exhaustion efforts and instead filed a "request for an extension for [her] habeas corpus time." *Id.*, ECF No. 11. She explained that she was waiting to receive her trial transcript before filing her postconviction motion. *Id.* The Court denied her request, explaining it could not "extend the limitations period or preemptively excuse" her failure to timely file a habeas petition. *Id.*, ECF No. 12. She made

the same request again on February 14, 2024, and the Court again denied it for the same reasons. *Id.*, ECF Nos. 11 & 12.  In the end, despite the Court's repeated warnings about the short one-year statute of limitations and its explanations that the period would only be tolled once she initiated new post-conviction proceedings, Matthews did not file a new state court postconviction motion until May 20, 2024.  (ECF No. 1 at 4–5); *see also* Kenosha Cnty. Case No. 2016CF000867, https://wcca.wicourts.gov (last visited May 21, 2026).  Her second state court postconviction motion asserted a new claim that her due process rights were violated when the prosecutor argued that Matthews shot the victim in the back.  *State v. Matthews (Matthews III)*, No. 2024AP1586, 2025 WL 3089700, at *1 (Wis. Ct. App. Nov. 5, 2025).

On November 5, 2025, the state appellate court denied the second postconviction motion. *Id.* at *3.  Two months later, on January 12, 2026, the Wisconsin Supreme Court denied Matthews's petition for review as untimely.  (ECF No. 1 at 6.)  She again did not seek United States Supreme Court review.  Instead, she waited another three months and, on April 9, 2026, filed her latest habeas petition.

**ANALYSIS**

Matthews's renewed attempt to secure federal habeas relief fails to survive screening because it is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for federal habeas corpus actions filed under 28 U.S.C. §2254 after April 24, 1996.  28 U.S.C. §2244(d)(1); *Lindh v. Murphy*, 521 U.S. 320, 322–27 (1997).  Matthews was thus required to file her federal habeas petition within one year of the date on which her judgment "became final by the conclusion of direct review *or the expiration of the time for seeking such review*." §2244(d)(1)(A) (emphasis added).  As the Court explained in connection with her first habeas petition, because she did not file a petition for certiorari in the United States Supreme Court, Matthews's judgment became final and her habeas limitations period began to run on April 18, 2023, 90 days after the Wisconsin Supreme Court denied her initial petition for review.  *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).  Accordingly, unless Matthews took steps to toll the limitations period, by, for example, filing state court post-conviction proceedings, her habeas deadline would expire on April 18, 2024.  *See* 28 U.S.C. §2244(d)(1)(A).

When the Court dismissed her initial petition, it informed her of the strict one-year limitations period applicable to federal habeas petitions and noted that the period would be tolled

only once she initiated new state court post-conviction proceedings.  *Matthews II*, No. 23-cv-971-WCG, ECF No. 3 at 2–3.  The Court also informed her twice that it could not extend the time limit after that.  *Id.* ECF Nos. 10 & 12.  Still, Matthews failed to act promptly.  Matthews did not file her second postconviction motion until May 20, 2024.  (ECF No. 1 at 4–5.)  By that time, the limitations period had *already* expired.  *See Graham v. Borgen*, 483 F.3d 475, 482–83 (7th Cir. 2007) (explaining that a postconviction motion under Wis. Stat. §974.06 does not toll AEDPA's statute of limitations when the postconviction motion is filed after the one-year statute of limitations already ran).  Accordingly, Matthews's filing of her second state court postconviction motion did not effectively toll the already-expired statute of limitations, and her latest petition, filed on April 9, 2026, is almost two years too late.

It is likely that Matthews's tardiness does not matter, because her petition suffers from other defects in any event.  The record confirms that Matthews still has not exhausted her state court remedies on the habeas claims raised in her latest petition.  Matthews's petition raises two grounds for relief:  (1) ineffective assistance of counsel for her trial counsel using a "physical violence" defense, failing to object to lies from the prosecutor and state witness, failing to raise evidence of physical abuse from the victim, conspiring with the judge and prosecutor, and "fail[ing] to produce *Brady* evidence;" and (2) a due process violation because the judge and prosecutor allowed perjured testimony and had a conflict of interest that resulted in unfavorable evidentiary rulings.  (ECF No. 1 at 6–9.)  These differ from the claims she raised in her prior state court exhaustion efforts.  In state court, Matthews asserted federal constitutional violations based on an alleged violation of her confrontation clause rights related to the trial court's limitation on her cross-examination of her brother; an unconstitutional jury instruction; ineffective assistance of counsel for stipulating to limit her expert's trial testimony; and violation of her due process rights when the prosecutor argued that Matthews shot the victim in the back.  *Matthews I*, 2022 WL 5067258, at *1; *Matthews III*, 2025 WL 3089700, at *1.  Although both the state claims and federal habeas claims involve alleged ineffective assistance of counsel and due process violations, the underlying facts are different from those presented to the state court.  (*See* ECF No. 1 at 6–9.)

Matthews appears to recognize that her claims are unexhausted.  (*Id.* at 7–9 (attempting to explain why her claims are unexhausted).)  As the Court previously explained, however, Matthews cannot raise claims in a federal habeas proceeding that she did not raise in state court.  *See Matthews II*, No. 23-cv-971-WCG, ECF No. 3 (July 24, 2023).  Matthews's failure to exhaust

these claims also likely means they are procedurally defaulted; her failure to raise them during her direct appeal likely bars her from raising them now in state court, and that procedural bar similarly precludes this Court from addressing them on the merits. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (explaining that if a state court remedy is no longer available, then the petitioner has procedurally defaulted, and the federal court cannot review the defaulted claim); *see also State v. Lo*, 665 N.W.2d 756, 766 (Wis. 2003) ("[C]laims that could have been raised on direct appeal . . . are barred from being raised in a subsequent [Wis. Stat. §974.06] postconviction motion absent a showing of a sufficient reason for why the claims were not [previously] raised . . . .").

While Matthews's petition for relief appears to be barred for multiple reasons, the Court will give her thirty days to address the defects raised in this screening order. It is possible (albeit unlikely) that Matthews can show that she can overcome her statute of limitations problem through equitable tolling. But equitable tolling is an "exceptional remedy" that is only available to a habeas petitioner who "shows: '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Matthews can also use this time to explain why the exhaustion and procedural default doctrines do not bar her from obtaining habeas relief. *See Perruquet v. Briley*, 390 F.3d 505, 514–15 (7th Cir. 2004). If she does not timely respond to both issues within 30 days, or provides responses that are without merit, the Court will dismiss her petition with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner must file a document showing cause as to why his petition should not be dismissed for untimeliness and a failure to exhaust. Matthews must file that document on or before **June 22, 2026**. If she fails to respond, or provides a response without merit, the Court will dismiss her petition with prejudice.

Dated at Milwaukee, Wisconsin on May 21, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge