DONNA RAE MATTHEWS,

              Petitioner,

    v.                                         Case No. 26-cv-0604-bhl

WARDEN MICHAEL GIERACH,

              Respondent.

## DISMISSAL ORDER

On April 9, 2026, Petitioner Donna Rae Matthews, a state prisoner currently incarcerated at Taycheedah Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) Matthews's petition raises two grounds for relief. First, Matthews alleges her trial counsel was constitutionally ineffective in multiple ways, by: (1) conspiring with the judge and prosecutor to use a "physical violence" defense; (2) failing to object to lies from the prosecutor and state witness; (3) failing to raise evidence of the victim's physical abuse; and (4) failing "to produce *Brady* evidence." (*Id.* at 6–7.) She also asserts that her due process rights were violated when the judge and prosecutor allowed perjured testimony and had a conflict of interest that resulted in unfavorable evidentiary rulings. (*Id.* at 6–9.)

This is not Matthews's first attempt to secure habeas relief based on the same underlying state conviction. On July 20, 2023, Matthews filed a previous petition for writ of habeas corpus. (ECF No. 1 at 10); *Matthews v. McDermott (Matthews II)*, No. 23-cv-971-WCG, ECF No. 1 (July 20, 2023). The Court dismissed that petition at Matthews's request after preliminary screening revealed it was an improper "mixed" petition that included both exhausted and unexhausted claims. *Matthews II*, No. 23-cv-971-WCG, ECF No. 3 (July 24, 2023) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). In the screening order, the Court explained that it could not adjudicate a mixed habeas petition and gave Matthews the option of either (1) accepting the dismissal of her petition without prejudice (allowing her to return to state court to exhaust her unexhausted claims) or (2) abandoning her unexhausted claims and proceeding with only her properly exhausted claims. *Id.* at 2–3. The Court noted that if Matthews chose the first option and her state court efforts

proved unsuccessful, she could then seek federal relief but would have to act "promptly" after receiving a "final decision" from the state court. *Id.* The Court also specifically declined to stay the case, noting that Matthews's conviction became final on April 18, 2023 and, thus, she still had time to exhaust her claims before returning to federal court. *Id.* at 3. The Court also flagged the applicable statute of limitations. Citing 28 U.S.C. §2244(d)(2), the Court explained that the federal habeas statute gave her one year from April 18, 2023 to file her habeas petition and that the limitations period would be tolled as soon as she filed her renewed post-conviction motion in state court. *Id.* Matthews responded that she wanted to exhaust all her claims, and, on August 3, 2023, the Court dismissed her petition without prejudice. *Id.*, ECF Nos. 5 & 6.

After her initial petition was dismissed, Matthews delayed in pursuing her exhaustion efforts. Rather than promptly beginning new state court proceedings, on December 26, 2023, she returned to this Court and asked for an extension of her "habeas corpus time" because she was waiting to receive her trial transcript before filing her postconviction motion. *Id.*, ECF No. 9. The Court denied her request, explaining it could not "extend the limitations period or preemptively excuse" her failure to timely file a habeas petition. *Id.*, ECF No. 10. Notwithstanding the Court's explanation, Matthews delayed further and then filed a second request in this Court for relief from the limitations on February 14, 2024. *Id.*, ECF No. 11. The Court denied that request for the same reasons it denied her earlier motion. *Id.*, ECF No. 12.

In the end, despite the Court's repeated warnings, Matthews waited until March 7, 2024 to file a new state court postconviction motion. (ECF No. 1 at 4–5); *see also* Kenosha Cnty. Case No. 2016CF000867, https://wcca.wicourts.gov (last visited June 23, 2026). Less than two months later, on May 1, 2024, the state circuit court denied her motion. Kenosha Cnty. Case No. 2016CF000867, https://wcca.wicourts.gov (last visited June 23, 2026). Matthews then filed a motion for reconsideration, which the trial court denied, and she then appealed the denial to the Wisconsin Court of Appeals. *Id.* On November 5, 2025, the Wisconsin Court of Appeals affirmed the denial of Matthews's second postconviction motion. *State v. Matthews* (*Matthews III*), 2024AP1586, 2025 WL 3089700, at *3 (Wis. Nov. 5, 2025). Two months later, on January 12, 2026, the Wisconsin Supreme Court denied her petition for review as untimely. (ECF No. 1 at 6.) She did not seek United States Supreme Court review. Instead, she waited another three months and, on April 9, 2026, filed her latest habeas petition.

On May 21, 2026, the Court screened Matthews's latest habeas petition. (ECF No. 4.) The Court explained that Matthews's habeas petition was untimely.[1] The Court also noted a further problem. Matthews's renewed petition continued to include unexhausted claims, and those claims were likely also procedurally barred. (*Id.* at 4–5 (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *State v. Lo*, 665 N.W.2d 756, 766 (Wis. 2003)).) The Court gave Matthews thirty days to explain why her petition should not be dismissed for untimeliness and a failure to exhaust. (*Id.* at 5.)

On June 8, 2026, Matthews filed a response. (ECF No. 5.) Rather than addressing the untimeliness of her renewed habeas petition, she asks the Court to "decide [the petition] on the merits, because the other issues are slightly embarrassing." (*Id.* at 1.) She then discusses the merits of her claims. (*Id.* at 1–3.) She also insists that she was "certain" that she had until January 12, 2027 to file her habeas petition, even though this is incorrect. (*Id.*) And she says that she "cannot explain" why her appellate attorney refused to bring the claims she now wishes to assert on habeas in her first postconviction motion. (*Id.* at 3–4.)

Matthews's petition remains untimely, and her submission does not provide a basis to excuse that untimeliness. The Court has limited equitable authority to toll the statute of limitations and allow a petitioner to proceed, but Matthews has not provided facts that would warrant the exercise of that authority. Equitable tolling is an "exceptional remedy" available only if a petitioner "shows: '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" *See Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Matthews does not satisfy either requirement. Her repeated delays in resuming her state court exhaustion efforts undercuts any claim of diligence in pursuing her rights. And her expressed confusion about the statute of limitations deadline is not an "extraordinary circumstance" that

---

[1] In its prior order, the Court correctly ruled that Matthews's petition was untimely but incorrectly stated that Matthews had filed her second postconviction motion in May 2024. (ECF No. 4 at 3–4.) The record confirms that Matthews filed her second postconviction motion on March 7, 2024; she filed her *motion for reconsideration* of the denial of that motion in May 2024. *See* Kenosha Cnty. Case No. 2016CF000867, https://wcca.wicourts.gov (last visited June 23, 2026). This factual misstatement aside, the Court correctly concluded that her habeas petition was untimely. While her filing of her second postconviction motion on March 7, 2024 tolled the statute of limitations, that tolling ended on January 12, 2026, when the Wisconsin Supreme Court denied her petition for review. *See* §2244(d)(2); *see also Lawrence v. Florida*, 549 U.S. 327, 330–36 (2007). By the time the Wisconsin Supreme Court denied her petition for review on January 12, 2026, 324 of the 365 days of the limitations period had passed. *See* §2244(d)(1)(A); *see also De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Matthews then had forty-one days, or until February 23, 2026, to file her habeas petition. But she waited until April 9, 2026 to seek habeas relief, forty-five days too late.

prevented her from filing, especially given the Court's prior order dismissing her first petition in which it explained to her how tolling worked and emphasized the strict requirements of the statute of limitations. *Matthews II*, No. 23-cv-971-WCG, ECF No. 3; *see also Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (explaining that a "procedural mistake . . . is not a ground for equitable tolling."); *Lombardo v. United States*, 860 F.3d 547, 552–55 (7th Cir. 2017) (affirming a district court that held that equitable tolling was not warranted when counsel incorrectly identified the filing deadline). Accordingly, Matthews's petition will be dismissed with prejudice for untimeliness. *See Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (explaining that the dismissal of a suit as untimely is a dismissal on the merits and is therefore a dismissal with prejudice).

Matthews's explanation for her unexhausted claims is similarly deficient. She faults her appellate counsel for failing to raise her claims, but she was unrepresented for her second postconviction motion (where she did not raise her claims), *see Matthews III*, 2025 WL 3089700, at *1, and she also did not raise an ineffective assistance of appellate counsel claim in her second postconviction motion or her federal habeas petition, *see id.*; (*see also* ECF No. 1 at 6–9). The exhaustion doctrine requires state prisoners to present their claims *at every level* of the state court before bringing their claims to federal court, *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998), and the Court cannot waive this requirement, *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986).

Accordingly,

**IT IS HEREBY ORDERED** that Donna Matthews's petition pursuant to 28 U.S.C. §2254, ECF No. 1, is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge